**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4175
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMPRECE DEVOKIE CHRISTIAN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:08-cr-00352-TDS-1)

_____

Submitted:  November 30, 2022                                 Decided:  December 14, 2022

_____

Before THACKER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Samprece Devokie Christian pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Christian to 71 months' imprisonment, followed by a 3-year term of supervised release. In December 2016, the district court revoked Christian's supervised release term and sentenced him to 12 months' imprisonment, followed by a 2-year term of supervised release. Christian's second supervised release term commenced in October 2017 and was originally set to expire in October 2019. The probation officer filed a revocation petition in May 2019, an amended revocation petition in July 2019, and a second amended revocation petition in February 2022. In March 2022, the district court revoked Christian's second supervised release term and sentenced him to 24 months' imprisonment.

On appeal, Christian's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Christian's revocation sentence is plainly unreasonable. Christian was advised of his right to file a pro se supplemental brief, but he did not do so. After reviewing the record, we ordered supplemental briefing to address whether the district court made the factual findings necessary to conclude that it had the authority in March 2022 to enter a revocation judgment when Christian's supervised release term was originally set to expire in October 2019. We vacate the judgment and remand for further proceedings.

"We review de novo whether the district court had jurisdiction to rule upon alleged violations of supervised release," *United States v. Thompson*, 924 F.3d 122, 127

2

(4th Cir. 2019) (cleaned up), and we have an independent obligation to determine whether the district court had such jurisdiction, *id.* at 129. Generally, "a district court's power to revoke a term of supervised release or to sanction violations ends when that term expires." *Id.* at 127. A district court's authority to enter a revocation judgment, however, "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). For this provision to apply, "two conditions [must be] met: First, a warrant or summons must be issued before the term's expiration, and second, any delay in adjudicating that summons must be reasonably necessary." *Thompson*, 924 F.3d at 132 (cleaned up).

In addition to § 3583(i), which extends the jurisdiction of the district court after the expiration of the defendant's supervised release term, another statute provides that a defendant's supervised release term is tolled "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). And the Supreme Court has held "that pretrial detention later credited as time served for a new conviction is imprisonment in connection with a conviction and thus tolls the supervised-release term under § 3624(e)." *Mont v. United States*, 139 S. Ct. 1826, 1832 (2019) (cleaned up).

We have also recognized that, under the fugitive tolling doctrine, "a term of supervised release is tolled when a defendant absconds from supervision." *Thompson*, 924

3

F.3d at 128 (internal quotation marks omitted). The government bears the "burden of showing that the fugitive tolling doctrine applies" and for how long. *Id.*; *see id.* at 130.

Christian recognizes that § 3583(i), § 3624(e), the fugitive tolling doctrine, or some combination of the three might apply in his case but argues that the district court failed to make the findings necessary to establish its jurisdiction to adjudicate the alleged violations over two years after the date on which his supervised release term was originally set to expire. We agree. Although the district court asked questions regarding the timeline of events in this case, it did not render findings that clearly establish its jurisdiction to revoke Christian's supervised release term.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. *See id.* at 131-32 (vacating judgment and remanding for further factfinding on applicability of § 3583(i), § 3624(e), and fugitive tolling doctrine). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*